UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:21-CV-145** |
| | ) | |
| v. | ) | **Judges** _____ |
| | ) | |
| **TWO HUNDRED AND FOUR (204) PRE-PAID ACCESS CARDS ASSOCIATED WITH GREEN DOT BANK, TOTALING $638,659.43 IN U.S. CURRENCY,** | ) ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| **$86,651.68 IN U.S. CURRENCY,** | ) | |
| | ) | |
| Defendants. | ) | |

## **VERIFIED COMPLAINT *IN REM***

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## **NATURE OF THE ACTION**

1. In this *in rem* civil action, the United States of America seeks forfeiture of Two Hundred and Four (204) pre-paid access cards associated with Green Dot Bank, totaling $638,659.43 in U.S. currency, and $86,651.68 in U.S. currency. (hereinafter "defendant properties").

2. The United States of America seeks forfeiture of the defendant properties pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(3).

## THE DEFENDANT *IN REM*

3. The defendant properties are Two Hundred and Four (204) pre-paid access cards associated with Green Dot Bank, totaling $638,659.43 in U.S. currency, which was seized by the 9th Judicial Drug Task Force ("JDTF") on or about July 27, 2020, and $86,651.68 in U.S. currency previously seized by the 9th Judicial Drug Task Force during the arrest of Valentine Odije ("Odije") on or about July 27, 2020.

4. Custody of the defendant properties was transferred to the United States Secret Service ("USSS"). The defendant properties are currently on deposit in an account under the control of the USSS.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture of the defendant property occurred in this district. Upon the filing of this complaint, the plaintiff requests that the Clerk issue an Arrest Warrant *In Rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will execute the warrant upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States of America seeks forfeiture of the defendant properties pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(3).

9. Pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. As set forth in detail in the Affidavit of USSS Special Agent Michael A. Hauke, the Government's investigation has determined that Valentine Odije has committed violations of federal law including access device fraud to obtain funds from the States of New York, Ohio and Illinois and their respective unemployment benefit programs in violation of 18 U.S.C. § 1029(a)(3).

## CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above. The defendant properties constitute money derived from proceeds of access device fraud violations of 18 U.S.C. § 1029(a)(3). The defendant properties are subject to forfeiture to the United States in accordance with 18 U.S.C. § 981(a)(1)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that:

(1) The Clerk issue a Warrant for Arrest *In Rem* for the defendant properties;

(2) The defendant properties be condemned and forfeited to the United States of America in accordance with the provisions of law;

(3) Notice of this action be given to all persons known or thought to have an interest in, or right against the defendant properties; and

(4) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
Acting United States Attorney

By: *s/Gretchen Mohr*
GRETCHEN MOHR,
Assistant United States Attorney
800 Market Street, Ste. 211
Knoxville, Tennessee 37902
(865) 545-4167
gretchen.mohr@usdoj.gov
NY Bar No. 5064704

4

# VERIFICATION

I, Michael A. Hauke, Special Agent with United States Secret Service, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from my personal observations, my review of records and documents, my training and experience and that of other agents, and information obtained from other agents, law enforcement officers and personnel, and witnesses.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of April 2021.

_____
Michael A. Hauke, Special Agent
United States Secret Service

Sworn to and subscribed to before me this 13th day of April, 2021.

_____
Notary Public
My Commission Expires: 10/30/2022

[Notary Seal: JEANETTE E. SOREY, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY]